UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  07-CR-20577-PCH

UNITED STATES OF AMERICA

vs.

ALI LOUIS ADAM,

      Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Defendant Ali Louis Adam's Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 782, Effective November 1, 2014 (the "Motion") [ECF No. 418], entered on December 6, 2016. The Government filed its Response [ECF No. 420] on December 15, 2016. The Court has reviewed the Motion, the Response, the record, and the applicable law. For the reasons that follow, the Motion is denied.

## I.    Background

Defendant Ali Louis Adam ("Defendant") pleaded guilty to Counts 2 and 8 of the superseding indictment, which charged him with violation of 21 U.S.C. § 846 (Count 2) and 18 U.S.C. § 1956(h) (Count 8). Prior to Defendant's sentencing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSI"), to which Defendant filed objections [ECF No. 233]. Defendant's base offense level was 38 pursuant to the Sentencing Guidelines in effect at that time based on Defendant's accountability for more than 150 kilograms of cocaine. *See* PSI at 21; U.S.S.G. §§ 2S1.1(a), 2D1.1(a) & (c)(1) (2007). Additionally, the PSI indicated that "Adam is accountable for at least 1,000 kilograms of cocaine." PSI at ¶ 56. Defendant did not object to this

factual finding in his written objections to the PSI. During the sentencing hearing, the Court and Defendant's counsel discussed the fact that the amount of cocaine in question was in excess of 1500 kilograms, although the amount pertinent to calculating Defendant's base offense level under the Sentencing Guidelines was solely a quantity in excess of 150 kilograms. *See* Sentencing Hearing Transcript at 25–29. Additionally, the Government proffered that the amount was in excess of 1500 kilograms, as supported by the evidence that the Government could produce. *See id.* at 35.

The Court calculated Defendant's sentence by reducing Defendant's total offense level from the recommendation of Probation to 40 and reducing Defendant's criminal history category to a category III. *See* Sentencing Hearing Transcript at 24. Under the United States Sentencing Guidelines in effect at the time of Defendant's sentencing, a total offense level of 40 with a criminal history category of III yielded a sentencing range of imprisonment of 360 months to life. U.S.S.G. § 5A (2007). The Court sentenced Defendant to concurrent terms of imprisonment of 360 months as to Count 2 and 240 months as to Count 8, followed by concurrent terms of supervised release of 60 months as to Count 2 and 36 months as to Count 8. [ECF No. 258]. On February 24, 2010, the Government filed a Motion for Downward Departure [ECF No. 366], which requested that Defendant's sentence be reduced by 33% for having substantially assisted in the prosecution of others. The Court subsequently reduced Defendant's sentence to concurrent terms of imprisonment of 220 months as to Count 2 and 220 months as to Count 8, followed by concurrent terms of supervised release of 60 months as to Count 2 and 36 months as to Count 8. [ECF No. 369].

Effective November 1, 2014, Amendment 782 to the Sentencing Guidelines changed the base offense level calculations in the Drug Quantity Table of § 2D1.1. As noted above, prior to

Amendment 782, a defendant's base offense level would be 38 for accountability for more than 150 kilograms of cocaine. *See* U.S.S.G. § 2D1.1(a) (2007). The new calculation under Amendment 782 provided for a base offense level of 38 for 450 kilograms or more of cocaine and a base level of 36 for at least 150 kilograms but less than 450 kilograms of cocaine.

Defendant filed the instant Motion for a two-level sentence reduction pursuant to U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2) [ECF No. 418]. In his Motion, Defendant argues that his base offense level should be recalculated to 36 in light of Amendment 782.

## II.    Legal Standard

There is a general rule of finality for a criminal sentence, and the court may only modify a sentence in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 824 (2010). Congress has authorized one such exception for a court to modify a term of imprisonment in Section 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Amendment 788 clarifies that Amendment 782 is retroactive for sentences effective November 1, 2015, or later. The Sentencing Guidelines further provide for the determination of a reduction in term of imprisonment:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination,

the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Amendment 782 is covered by subsection (d). *See* U.S.S.G. § 1B1.10(d).

## III.    Analysis

Defendant's Motion must be denied because his base offense level under the Sentencing Guidelines post-Amendment 782 is the same as his base offense level at the time of his sentencing. As mentioned above, Defendant's base offense level was 38 based on Defendant's accountability for more than 150 kilograms of cocaine. *See* PSI at 21; U.S.S.G. §§ 2S1.1(a), 2D1.1(a) & (c)(1) (2007). Under the changes made by Amendment 782, Defendant's base offense level would remain 38 only if the Court were to determine that Defendant was accountable for 450 kilograms or more of cocaine.

While the Government only sought a finding of Defendant's culpability for an excess of 150 kilograms of cocaine at the time of his sentencing, the record is sufficient for this Court to now find that Defendant was accountable for more than 450 kilograms of cocaine. Defendant's PSI stated that "Adam is accountable for at least 1,000 kilograms of cocaine." PSI at ¶ 56. Defendant did not object to this factual finding in his written objections. During the sentencing hearing, the Court and Defendant's counsel discussed the fact that the amount of cocaine in question was in excess of 1500 kilograms, even though the Court only relied on the finding of a quantity in excess of 150 kilograms to reach the highest offense level of the Sentencing Guidelines at the time. *See* Sentencing Hearing Transcript at 25–29. Additionally, the Government proffered that the amount was in excess of 1500 kilograms, as supported by the evidence that the Government could produce. *See id.* at 35.

4

The Court finds that Defendant was accountable for at least 450 kilograms of cocaine at the time of his sentencing hearing, based on Defendant's failure to object to the drug quantity amount of "at least 1,000 kilograms of cocaine" in Paragraph 56 of his PSI. "When a defendant objects to a factual finding that is used in calculating his guideline sentence, such as drug amount, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). However, "[i]t is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes." *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006); *see also United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (stating that the defendant's "failure to contest the 37 grams imputed in the PSI constituted an admission of that quantity"). Furthermore, a member of a drug conspiracy is liable not only for his own conduct but also for the reasonably foreseeable conduct of others in furtherance of the drug conspiracy. *See* U.S.S.G. § 1B1.3(a)(1); *United States v. Bacon*, 598 F.3d 772, 778 (11th Cir. 2010).

When determining whether to reduce a defendant's sentence pursuant to an amendment regarding drug quantity sentencing guidelines, the court "will need to examine the entire record before it at the time of the original sentencing to see if it can make any further findings that will resolve the issue." *United States v. Hamilton*, 715 F.3d 328, 340 (11th Cir. 2013). "[T]he court should not consider any evidence or materials beyond those that were before it at the time of the original sentence proceeding," and the court "may not enter any new finding that is inconsistent with a finding it made in the original sentence proceeding." *Id.* "Once it makes a drug quantity finding that is not inconsistent with any finding it made in the original sentence proceeding, the district court can then use that finding to calculate a new guidelines range based on" the amendment. *Id.* The movant under § 3582(c)(2) "bears the burden of showing that if [the

5

amendment] had been in effect at the time of his original sentencing, then he would have received a lower guidelines range." *Id.* at 341.

Under the Sentencing Guidelines, whether those in place at the time of Defendant's sentencing hearing in March 2008 or those in place now, a base offense level of 38 applies to defendants responsible for 450 kilograms or more of cocaine. Defendant argues that his base offense level should now be calculated as a 36. *See* [ECF No. 418 at ¶ 17]. However, the fact that Defendant here was responsible for "at least 1,000 kilograms of cocaine" belies any argument that the base offense level for the quantity of cocaine involved in this case has decreased from 38 to 36. *See, e.g., United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008) (finding that "the distinction between 12 and 50 kilograms of crack cocaine" was not relevant when calculating the base offense level for the defendant where "a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more").

## IV.    Conclusion

Because the Court finds that Defendant was accountable for at least 450 kilograms of cocaine at the time of his sentencing, his base offense level remains a 38, and the total offense level and sentence imposed at his original sentencing hearing remain unaffected by Amendment 782. Accordingly, it is

**ORDERED and ADJUDGED** that Defendant's Motion to Modify or Reduce Term of Imprisonment **[ECF No. 418]** is **DENIED**.

**DONE and ORDERED** in Chambers, in Miami, Florida, on January 6 , 2017.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record

6